IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY  DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION NO.: 1:07-CV-27 (WLS) |
| | : | |
| ROGER WALTON; Mr. DRURY; | : | |
| Mr. HARRISON; LISA CLARK, | : | |
| | : | |
| Defendants. | : | **ORDER TO SUPPLEMENT COMPLAINT** |

Plaintiff **GREGORY GILLILAN**, presently incarcerated at Autry State Prison in Pelham,

Georgia, has filed yet another *pro se* civil rights complaint under 42 U.S.C. §1983 accompanied by

a motion to proceed without prepayment of the filing fee or security therefor under 28 U.S.C. §

1915(a).  It appears that  plaintiff is unable to pay the cost of commencing this action and, therefore,

plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless

pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient

assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court

must assess an initial partial filing fee based on the assets available.  Despite this requirement, a

prisoner may not be prohibited from bringing a civil action because he has no assets and no means

by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has

no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

In his latest complaint, plaintiff seems to make the same allegations that he made in one of his prior complaints: ***Gillilan v. Mental Health Doctors Harrison and Drury***, 1:06-CV-176 (WLS). In 1:06-CV-176 (WLS), plaintiff alleged that he was "sent to Autry State Prison where no one has consulted [him]" regarding his ever-deteriorating mental health. Plaintiff also complained that he was not receiving his medicine of choice for his alleged depression; i.e., Wellbutrin. Pursuant to the Court's instructions, plaintiff, on January 4, 2006, supplemented his complaint in 1:06-CV-176 (WLS). In this supplement, plaintiff explained that he had seen several mental health providers and suffered no adverse effects from his failure to receive Wellbutrin. Plaintiff also explained that he had never even seen Doctors Harrison or Drury. The Court entered an Order on January 31, 2007 dismissing 1:06-CV-176 (WLS) as frivolous under 28 U.S.C. § 1915(e)(2).

In his current action, plaintiff names defendants Drury and Harrison again. He also names Roger Walton and Lisa Clark.[1] Plaintiff is to supplement his complaint with the following information.

---

[1]On the same date that plaintiff filed his complaint, he filed a motion to correct his complaint and explained that he wished to delete Lisa Clark from the lawsuit because she is not, as shown on his complaint, a psychiatrist. Instead she works in the business or accounting office. Plaintiff requested that he be allowed to rename this defendant as "Jane Doe" until he learns the actual name of the person he is trying to sue. To the extent that plaintiff wishes to remove Lisa Clark from his suit, his motion is **GRANTED**. To the extent that plaintiff wishes to name a Jane Doe defendant, his motion is **DENIED**. Fictitious party practice is not permitted by the Federal Rules of Civil Procedure or any other statute. ***Seeks v. Benton***, 649 F. Supp 1297 (S.D. Ala 1986).

(1) On what date did you present your complaint to the institution as a grievance?  Attach a copy of the grievance if possible.

(2) What response did you receive to your grievance and what exact date did you receive this response?

(3) What action did Defendant Walton take that allegedly violated your constitutional rights and exactly when (give the date or dates) did this occur?

(4) As of January 4, 2007, you explained that you had never even seen Doctors Drury and Harrison. Have you seen either of them since January 4, 2007?  If so, on what dates.  Explain exactly how you contend these two violated your constitutional rights?

(5) As of January 4, 2007, you had suffered no side effects from the discontinuation of Wellbutrin. Have you suffered side effects since that time?

Plaintiff shall have until February 20, 2007 to submit a supplemental complaint.  If plaintiff fails to respond to this Order in a timely manner, this action shall be dismissed.  There shall be **no service of process** until further order of the Court.

**SO ORDERE,** this 7th day of February, 2007.

/s/ *Richard L. Hodge*  _____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb